UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ERIN TINGLE                                                                                                 Plaintiff

v.                                                      Civil Action No. 3:15-cv-00319-RGJ

ERNEST R. CORNELISON, ET AL.                                    Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Erin Tingle brings this action against Defendants Ernest Cornelison and U.S. Xpress, Inc. ("U.S. Xpress") seeking relief for injuries sustained during a 2014 traffic accident. Tingle alleges that Cornelison, acting as U.S. Xpress's agent or employee, failed to keep reasonable control of his vehicle during a sudden downpour and that his negligence was the direct and proximate cause of her injuries. [DE 1-2, Compl.]. Discovery has concluded, and Defendants now move for summary judgment under Federal Rule of Civil Procedure 56. [DE 33, MSJ]. Tingle filed a timely Response [DE 34], and Cornelison filed a timely Reply [DE 35]. This matter is ripe for adjudication. Having considered the parties' filings and the applicable law, the Court **DENIES** Defendants' Motion for Summary Judgment.

**BACKGROUND**

On the morning of August 8, 2014, Tingle and Cornelison drove separately on KY 841 in Jefferson County. [DE 33-1, Memo. Supp. MSJ at 136]. Cornelison was driving a U.S. Xpress tractor trailer from Louisville to Hawesville, a regular route for U.S. Xpress. *Id.* He traveled southbound in the right lane. [DE 34 at 264]. Tingle, also driving southbound in the right lane, was behind Cornelison. *Id.* It was still dark outside, but the road was dry. [DE 33-1 at 136].

1

A sudden downpour began. *Id.* Cornelison took his foot off the gas and slowed to a speed of 55–60 miles per hour. *Id.* Tingle, accelerating, moved to the left lane. *Id.* After passing the trailer, Tingle moved back to the right lane about 40 feet in front of the trailer. *Id.* Her rear tires "slipped from left to right into the turf on the right-hand shoulder," then moved back across the right lane toward the center median. [DE 34 at 264–65]. Seconds later, Cornelison's truck hit Tingle's driver-side door as her vehicle crossed Cornelison's path perpendicular to his truck. [DE 33-1 at 136]. Tingle's vehicle continued toward the center median and struck the barrier, eventually resting in the left southbound lane. [DE 34 at 264–65].

On March 12, 2015, Tingle filed suit against Cornelison and U.S. Xpress Enterprises, Inc. in Jefferson County Circuit Court. [DE 1–2, JC Rcd.]. U.S. Xpress Enterprises, Inc. was not a proper party to the action and was voluntarily dismissed on April 8, 2015. *Id.* at 15. The parties agreed to add the proper defendant, U.S. Xpress, Inc., on the same date. *Id.* On April 28, 2015, Defendants removed the action to this Court. [DE 1, Not. Remov.]. With discovery complete, Defendants now move for summary judgment under Rule 56. [DE 33].

## APPLICABLE LAW AND LEGAL STANDARD

This action is in federal court based on diversity jurisdiction under 28 U.S.C. § 1332. Because Kentucky is the forum state, its substantive law will apply. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (citations omitted); *Simons v. Strong*, 978 F. Supp. 2d 779, 783 (E.D. Ky. 2013). Federal procedural law will govern as applicable, including in establishing the appropriate summary judgment standard. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving

party bears the burden of specifying the basis for its motion and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Once the moving party satisfies this burden, the nonmoving party must produce specific facts demonstrating a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion." *Bell v. City of E. Cleveland*, 125 F.3d 855 (6th Cir. 1997) (citing *Liberty Lobby*, 477 U.S. at 252).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008). The Court must view the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence … of a genuine dispute[.]" *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

**DISCUSSION**

To prevail on a negligence claim under Kentucky law, the plaintiff must prove that the defendant 1) owed the plaintiff a duty of care, 2) the defendant breached the standard of care by which his duty is measured, and 3) that the breach was the legal cause of the consequent injury. *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012); *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88–89 (Ky. 2003). Duty is a question of law for the court to decide, breach and injury are questions of fact for the jury to decide, and causation is a mixed question of law and fact. *Pathways*, 113 S.W.3d at 89 (citing *Deutsch v. Shein*, 597 S.W.2d 141, 145 (Ky. 1980)).

Tingle asserts that Cornelison was negligent by failing to maintain control of his vehicle during the downpour. Specifically, Tingle asserts that Cornelison was negligent in: (1) exceeding the Commercial Driver's Licensing Manual's ("CDL Manual" or "Manual") speed guidelines for wet roadways; (2) negligently lifting his foot off the gas, rather than applying his brake, to decelerate; and (3) not taking additional steps to avoid the accident once Tingle's vehicle began to spin. *Id.* at 142–44.

**A.  Duty and Breach of the Standard of Care**

While the parties do not dispute that Cornelison owed a duty to Tingle while driving his truck [DE 33-1 at 137; DE 34 at 267], they disagree about the appropriate standard of care by which to measure Cornelison's actions. Cornelison argues that he only needed to act with "reasonable care." [DE 33 at 143; DE 35, Reply MSJ at 281]. Tingle argues that Cornelison's behavior must be measured against industry standards for professional drivers under similar circumstances. [DE 34 at 267, 270 (citing *Boland-Maloney Lumber Co., Inc. v. Burnett*, 302 S.W.3d 680, 686 (Ky. Ct. App. 2009))].

Generally, "every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *Grayson Fraternal Order of Eagles v. Claywell*, S.W.2d 328, 332 (Ky. 1987). "Duty may be established in several ways, but ultimately, 'the most important factor in determining whether a duty exists is foreseeability.'" *Boland-Maloney Lumber Co.*, 302 S.W.3d at 686 (Ky. Ct. App. 2009) (quoting David J. Leibson, 13 Kentucky Practice: Tort Law § 10.3, p. 113 (1995)). It has long been the rule in Kentucky, however, that in negligence cases "involving professionals or professions requiring special skill and expertise, the standard is typically measured by the standard of conduct customary in the profession under the circumstances," which usually requires expert testimony. *Slone v. Lincoln Cty., Kentucky*, 242 F. Supp. 3d 579, 596 (E.D. Ky. 2017); *Boland-Maloney Lumber Co.*, 302 S.W.3d at 686 (citing *Hyman & Armstrong, P.S.C. v. Gunderson*, 279 S.W.3d 93 (Ky. 2008)). But expert testimony is not required in cases where issues are within the common knowledge of lay persons or when the alleged negligence of a professional is so apparent that even a lay person could recognize it. *Baptist Healthcare Sys., Inc. v. Miller*, 177 S.W.3d 676, 681 (Ky. 2005).

Tingle attempts to establish a duty through his expert's testimony regarding the CDL Manual, which sets out the standard of care for commercial truck drivers [DE 33-4, Agent Depo. At 67], and through the Federal Motor Carrier Safety Regulations ("FMCSRs"), which pertain to the knowledge and skills that states must test for in administering Commercial Driver's License exams. 49 C.F.R. § 383.1(a). These regulations have been adopted by the Kentucky Transportation Cabinet into its own regulations. 601 KAR 1:005 § 2. Because they are widely utilized and outline the degree of care and skill expected of a competent commercial driver, the Court finds that the CDL Manual and FMCSRs are appropriate sources by which to measure Cornelison's duty of care. *Hyman & Armstrong, P.S.C.*, 279 S.W.3d at 113; *Boland-Maloney*

*Lumber Co.*, 302 S.W.3d at 686; *Daugherty v. Runner*, 581 S.W.2d at 16; *Shetler v. ALDI, Inc.*, No. 3:10-CV-00778-JHM, 2012 WL 3264937, at *3 (W.D. Ky. Aug. 9, 2012).

In negligence cases involving allegations that the defendant has inflicted injury by violating a duty, questions regarding breach are generally for the jury to decide. *Bartley v. Com.*, 400 S.W.3d 714, 726 (Ky. 2013) (citing *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840 (Ky. 2005); *Pathways*, 113 S.W.3d 85 (Ky. 2003); *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245 (Ky. 1992)). If the facts necessary to establish breach are in dispute, the Court cannot grant summary judgment.

Many material facts remain in dispute about whether Cornelison breached his standard of care. First, when Tingle moved back to the right lane about 40 feet in front of Cornelison's trailer, he removed his foot from the gas and did not brake. [DE 33-3, Corn. Depo. at 187]. Tingle's expert testified that this was a reasonable way for Cornelison to reduce his speed. [DE 33-4, Agent Depo. at 235]. But he did not testify that this was *all* that Cornelison should have reasonably done. A reasonable jury could agree with Tingle that Cornelison should have taken additional steps to reduce his speed. Second, Cornelison admits that he was mistaken about the CDL Manual's guidelines. At the time of the accident, Cornelison was driving 10–15 miles per hour above the Manual's guidelines. [DE 33-3 at 191–92]. He mistakenly believed that the Manual dictated a 10% decrease in speed on wet roads. *Id.* But according to Tingle's expert, the Manual requires a decrease of 33%. *Id.* A reasonable jury could agree with Tingle that Cornelison, as a professional driver, should have complied with the Manual. Finally, Cornelison did not move his foot to brake until after Tingle lost control of her vehicle. *Id.* at 196–97. Moments before, Tingle was traveling less than 40 feet in front of Cornelison and signaled that she would re-enter his lane. *Id.*; [DE 33-1 at 136]. A reasonable jury could agree with Tingle that Cornelison should have braked sooner.

6

In short, whether Cornelison violated a duty owed to Tingle with these and other material acts and omissions is a question of fact for the jury, not summary judgment.

**B.      Legal Causation**

In *Deutsch v. Shein*, the Supreme Court of Kentucky adopted the substantial factor test for causation set forth in § 431 of the Restatement (Second) of Torts, which states that the "actor's negligent conduct is a legal cause of harm to another if his conduct is a substantial factor in bringing about the harm." 597 S.W.2d at 143–44. "Substantial" means that the defendant's conduct has such an effect in producing the harm as to lead a reasonable person to regard it as a cause. *Pathways*, 113 S.W.3d at 92; Restatement (Second) of Torts § 431, cmt. a.

"The court has a duty to determine 'whether the evidence as to the facts makes an issue upon which the jury may reasonably differ as to whether the conduct of the defendant has been a substantial factor in causing the harm to the plaintiff.'" *Id.* "[C]ausation should not go to the jury unless the inference of causation is reasonable: it must "indicate the *probable,* as distinguished from a *possible* cause." *Bailey v. N. Am. Refractories Co.*, 95 S.W.3d 868, 873 (Ky. Ct. App. 2001). "[W]here only one reasonable conclusion can be reached, a court may decide the issue of causation as a matter of law." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 438 (Ky. Ct. App. 2001) (citing *Grayson Fraternal Order of Eagles, Aerie No. 3738, Inc. v. Claywell*, 736 S.W.2d 328 (Ky. 1987); *O.K. Tire Store No. 3, Inc. v. Stovall*, 392 S.W.2d 43, 44 (Ky. 1965); *Adkins v. Greyhound Corp.*, 357 S.W.2d 860, 862 (1962)).

Despite Defendants' framing of the issues regarding breach, they do not actually address whether Cornelison breached a duty he owed to Tingle. Instead, they address whether his acts or omissions *caused* Tingle's injuries. Defendants' argument is that Tingle fails to present evidence that the accident would not have occurred even if Cornelison behaved differently. This is distinct

from whether Cornelison breached his duty. It is certainly possible that Cornelison breached his duty and struck Tingle. But it is also possible that Cornelison would have still struck Tingle even had he breached no duty. In other words, it is necessary, but not sufficient, for Tingle to show a breach a duty. She must still present evidence that Cornelison's actions caused her injuries.

Thus, to avoid summary judgment, Tingle must present a material fact regarding causation—*i.e.*, that Cornelison's alleged negligence, whether or not a breach, was a substantial factor in causing her injuries. *EQT Prod. Co. v. Vorys, Sater, Seymour & Pease, LLP*, No. 15-CV-146-DLB-EBA, 2018 WL 1996797, at *20 (E.D. Ky. Apr. 27, 2018) (citing *Marrs v. Kelly*, 95 S.W.3d 856, 860 (Ky. 2003)). Construing all facts in Tingle's favor, she has presented sufficient material facts to withstand Defendants' Motion for Summary Judgment. Specifically, Tingle disputes whether Cornelison's failure to take additional steps to reduce his speed, his unfamiliarity with the Manual's stipulations for decreasing speed on wet roads, and his delay in engaging his brakes was a substantial cause of her injuries. Each of these facts is material and in dispute. Because the facts of this case do not present a situation in which a jury could reach only one reasonable conclusion about whether Cornelison's behavior was a substantial factor in causing Tingle's injuries, it remains a question of fact for a jury to decide. *Pathways*, 113 S.W.3d at 89.

Defendants, relying on *Carlotta v. Werner*, 601 F. Supp. 749 (E.D. Ky. 1985), argue that even if Cornelison did breach a duty owed to Tingle, Tingle's own negligence was so great that Cornelison's conduct was not the proximate cause of Tingle's injuries as a matter of Kentucky law. [DE 33-1 at 144]. In that case, the court held that "the overwhelming negligence of one party can prevent the negligence of another party from being the proximate cause of an event, even where such negligence was undoubtedly a cause in fact." *Id.* at 754. The plaintiff in *Carlotta* was injured when he attempted to dive from the side of the defendant's swimming pool through an

inner-tube held by a friend. 604 F. Supp. at 751. In finding that the plaintiff's negligence was so overwhelming that it subsumed the defendant's negligence, the court outlined five non-exclusive factors to consider whether a plaintiff's negligence is the "sole proximate cause" of his injuries: (1) the plaintiff's negligence was active while the defendant's was passive; (2) the plaintiff's act was deliberate and the defendant's was inadvertent; (3) the plaintiff was a knowledgeable adult; (4) there was no risk until the plaintiff created it; and (5) the defendant's only negligence was in preventing the plaintiff from injuring herself. *Id.* at 755–56.

Defendants' reliance on *Carlotta* is misplaced. As an initial matter, it is not clear that Tingle was negligent in the moments preceding the crash. Defendants do not assert that Tingle's actions violated any laws or regulations, or that Tingle clearly intended to lose control of her vehicle during the downpour. Defendants suggest that Tingle's mere act of losing control is sufficient to find Tingle negligent and decide the issue on summary judgment. [DE 33-1 at 147]. The Court disagrees. In *Carlotta*, the court repeatedly emphasized that "the basis of this ruling is the plaintiff's active creation of a risk that would not have otherwise existed but for his deliberate act." 601 F. Supp. at 755.[1] Because a jury could reach more than one reasonable conclusion about whether Tingle behaved negligently in the moments preceding the crash, it remains a question of fact for a jury to decide. *Pathways*, 113 S.W.3d at 89.

---

[1] The court was careful to note the limited scope of its ruling, stating that it was "well aware of the danger of allowing the doctrine of sole proximate cause, if over-employed, to eviscerate the enlightened doctrine of comparative negligence adopted by the Supreme Court of Kentucky. Nevertheless, the use of sole proximate cause remains viable under comparative negligence, although it will be a rare case where the comparative fault is not submitted to the jury for apportionment." *Id.* As an example, its ruling would apply to "a person who would knowingly and deliberately violate the speed limit and then sue the police for permitting him to do it." *Id.* The facts here do not present such a case.

## CONCLUSION

For the reasons set forth above, and being otherwise sufficiently advised, **THE COURT HEREBY ORDERS** that Defendants' Motion for Summary Judgment [DE 33] is **DENIED**.